IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

V.                              CASE NO.      5:14-cr-50047-001

DONCOURI WELLS                                                  DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant/Petitioner's Motion to Withdraw Motion for Relief Under 28

U.S.C. § 2255.  (Doc. 83)

### I. Background

On August 13, 2014, Defendant/Petitioner, Doncouri Wells ("Wells"), was named in an

Indictment charging him with sex trafficking of children (Count One) and use of an interstate facility

to promote prostitution (Count Two).  (Doc. 1)  Wells appeared for arraignment on September 5,

2014, and he entered a not guilty plea to each count of the Indictment.  (Doc. 10)  A Superseding

Indictment was filed on September 23, 2014 charging Wells with the same two offenses (Doc. 14),

and Wells entered a not guilty plea to each count of the Superseding Indictment on September 29,

2014 (Doc. 19).

On November 21, 2014, Wells appeared before the Honorable Erin L. Setser, Magistrate

Judge, for a change of plea hearing.  (Doc. 31)  Pursuant to a written Plea Agreement (Doc. 32),

Wells pleaded guilty to Count One of the Superseding Indictment charging him with sex trafficking

of children.  (Doc. 31)  A Report and Recommendation that Wells' guilty plea be accepted and the

Plea Agreement tentatively approved, subject to final approval at sentencing, was filed by Judge

Setser on November 24, 2014.  (Doc. 34)  An Order adopting the Magistrate Judge's Report and

Recommendation in toto was entered by the Honorable P. K. Holmes, III, Chief U.S. District Judge, on November 26, 2014.  (Doc. 35)

A Presentence Investigation Report ("PSR") was prepared on January 21, 2015.  (Doc. 38) A base offense level of 30 was reported pursuant to U.S.S.G. § 2G1.3.  (Doc. 38, ¶ 47)  Specific offense characteristics resulted in a total increase of six levels (Doc. 38, ¶¶ 48-50).  It was reported that Wells qualified for a sentence enhancement as a career offender under U.S.S.G. § 4B1.1(a); and, because Wells' statutory maximum sentence was life, his offense level was increased to 37 pursuant to U.S.S.G. § 4B1.1(b).  (Doc. 38, ¶ 55)  After a reduction of three levels for acceptance of responsibility (Doc. 38, ¶¶ 56, 57), Wells' total offense level was determined to be 34.  (Doc. 38, ¶ 58).  Wells was found to have 29 criminal history points, placing him in criminal history category VI[1].  (Doc. 38, ¶ 100)  The statutory maximum term of imprisonment for the offense of conviction was life imprisonment.  (Doc. 38, ¶ 136)  Based on a total offense level of 34 and a criminal history category of VI, the advisory guideline range for imprisonment was 262 to 327 months.  (Doc. 38, ¶ 137)  Wells made several objections to the PSR contesting certain factual matters and his criminal history calculation.  (Doc. 45)  Concerning his criminal history score, Wells contended he had 23 criminal history points, not 29, and he acknowledged that still placed him in criminal history category VI.  (Doc. 45)  Wells' objections were rejected by the U.S. Probation Officer, and a Final PSR was filed on February 19, 2015.  (Doc. 46)

Wells appeared for sentencing on March 26, 2015.  (Doc. 49)  The Court made inquiry that Wells was satisfied with his counsel, final approval of the Plea Agreement was expressed, and the

---

[1] Additionally, based on Wells' instant offense and prior convictions, he was determined to be a career offender, therefore his criminal history category must be VI under § 4B1.1(b).

Court imposed a guidelines sentence of 300 months imprisonment, five years supervised release, no fine, and a $100.00 special assessment. (Doc. 49)  Judgment was entered by the Court on March 26, 2015. (Doc. 51)  Wells pursued a direct appeal from the Judgment, and his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967) arguing that the sentence imposed was substantively unreasonable. (Doc. 77-1, p. 2)  Wells filed a pro se supplemental brief arguing that a guidelines enhancement should not have been applied. (Doc. 77-1, p. 2)  Wells' conviction and sentence were affirmed by the Eighth Circuit Court of Appeals on March 10, 2016. (Doc. 77)

On June 21, 2016, Wells filed his Motion for Relief Under 28 U.S.C. § 2255. (Doc. 79)  Wells argues that his sentence is unconstitutional under the new rule announced in *Johnson v. United States*, 135 U.S. 2551 (2015).  The Government was given until August 19, 2016 to file its response to Wells' Petition. (Doc. 81; Text Only Order entered July 15, 2016)

On August 12, 2016, Wells filed his Motion to Withdraw Motion for Relief Under 28 U.S.C. § 2255. (Doc. 83)  In his motion to withdraw, Wells states, "[s]ubsequent to the filing of the petition, it was determined that Mr. Wells would be subjected to a higher guideline range through an alternative enhancement if the Court determined that the career-offender enhancement did not apply to him[,]" and "Mr. Wells no longer wishes to pursue his Motion and requests that this Court grant his Motion to Withdraw." (Doc. 83)

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  "If the court

finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not

authorized by law or otherwise open to collateral attack, or that there has been such a denial or

infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to

collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner

or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C.

§ 2255(b).

Rule 12 of the Rules Governing Section 2255 Cases in the United States District Courts

provides that "[t]he Federal Rules of Civil Procedure ..., to the extent that they are not inconsistent

with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action without order of the

court by filing a notice of dismissal at any time before the adverse party serves an answer or a motion

for summary judgment.  "[A] Rule 41(a) voluntary dismissal is both appropriate and consistent with

the rules governing habeas cases." *See Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996).  "[W]e

consider only whether an answer or a motion for summary judgment was filed before the notice of

voluntary dismissal." *Id*. at 272.

Here, no answer or motion for summary judgment has been filed by the Government prior

to the filing of Petitioner's motion to withdraw his § 2255 petition.  Having reconsidered his claim

for habeas relief, Wells concludes that he may be subjected to a higher guideline range through an

alternative enhancement if the Court were to determine that the career-offender enhancement does

not apply to him, and he now seeks to withdraw his Motion for Relief Under 28 U.S.C. § 2255.  The

undersigned construes his motion to withdraw as a notice of Wells' desire to voluntarily dismiss this

action under Rule 41(a), F.R.C.P.  "The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) 'is to render the proceedings a nullity and leave the parties as if the action had never been brought.'"  *Id*. (internal citations omitted).

### III.  Conclusion

For the reasons discussed above, the undersigned recommends that Wells' Motion to Withdraw (Doc. 83) be **GRANTED**, and that Wells' Motion for Relief Under 28 U.S.C. § 2255 (Doc. 79) be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of August, 2016.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE